*180
 
 OPINION OF THE COURT
 

 Levine, J.
 

 On defendant’s motion for dismissal of the indictment on statutory ready trial grounds, the People conceded that they were chargeable with 165 days of the six-month period (in this case 183 days) from the inception of the criminal action against him, within which they were required to be ready for trial, exclusive of any period of time for which they were not responsible (CPL 30.30 [1] [a]). The People’s responsibility for one period of prereadiness delay and one period of postreadiness delay are at issue on this appeal. The Appellate Division held that the period of prereadiness delay in issue was not chargeable to the People, that the period of postreadiness delay in dispute should be charged to the People, and concluded that defendant was not denied his statutory right to a speedy trial (189 AD2d 564). A Judge of this Court granted defendant leave to appeal, and we now reverse, concluding that the People were not ready for trial within the statutorily prescribed period of time.
 

 The first period in dispute is the six days between October 5, 1989, when defendant was arraigned, and October 11, 1989, the date to which defendant’s case was adjourned for purposes of transfer to an Individual Assignment System (IAS) Part of Supreme Court, New York County, for all further proceedings, as required by the Uniform Rules for Trial Courts (22 NYCRR 200.11 [b], [c]), and also "to join defendant’s other [pending] case”. The Appellate Division erred in excluding that period. The People do not contend that the adjournment to an IAS Part was joined in or consented to by defendant. They argue, however, that the period was excludable because: (1) court rules mandated the transfer to an IAS Part and, thus, the adjournment was an unavoidable administrative step outside of the People’s control; (2) the rules further mandated that all motion practice was to take place before the IAS Judge; hence, the adjournment was a necessary antecedent to defendant’s making pretrial motions and thus excludable under CPL 30.30 (4) (a) as a period of delay attributable to pretrial motions; and (3) insofar as the adjournment was also for the purposes of joining before the same IAS Part the instant case with another case pending against defendant, it was also statutorily excludable as a delay "resulting from other proceedings concerning the defendant” (CPL 30.30 [4] [a]).
 

 None of the foregoing grounds for excluding the six-day
 
 *181
 
 period following defendant’s arraignment is persuasive. A delay occasioned by a rule-mandated transfer from an Arraignment Part to an IAS Part is not covered by any of the express statutory exclusions set forth in CPL 30.30. Moreover, the rules merely mandate the assignment of the case to an IAS Part, not any given period of adjournment for such purposes. Thus, the six-day adjournment in this case for transfer to an IAS Part was merely another instance of a delay occasioned by court scheduling which, as we have previously held, does not excuse the People from filing a certificate of readiness
 
 (see, People v Smith,
 
 82 NY2d 676, 678).
 

 As to the People’s argument that the adjournment was excludable as a delay "resulting from * * * pre-trial motions” (CPL 30.30 [4] [a]), the record is entirely devoid of any suggestion that the adjournment was made for the purpose of defense motions or even for the purpose of setting up a motion schedule. To accept the People’s argument that the adjournment was an excludable motion-related delay because transfer to an IAS Part was a condition precedent to any defense motion which
 
 might
 
 later be made falls outside of a fair reading of the statutory language, which generally refers to delays attributable to responding to and deciding motions actually made
 
 (see, People v O’Connell,
 
 133 AD2d 970, 971;
 
 see also, People v Torres,
 
 60 NY2d 119, 127-128).
 

 The record is likewise barren of any showing that the six-day adjournment was somehow justified by the pendency of the other case against defendant
 
 (cf., People v Dean,
 
 45 NY2d 651). Without more support in the record, the adjournment (without defendant’s consent) to "join” defendant’s other pending case seems again to be for scheduling convenience purposes, affording the People no excuse for failing to announce readiness for trial
 
 (People v Smith, supra).
 

 The second period in dispute was the 14 days’ adjournment between February 7, 1990 and February 21, 1990. The prosecution contended before Supreme Court that only the first five days of this period should be chargeable to the People, in that only a five-day adjournment had been sought on February 7, due to a death in the family of the trial assistant assigned to the case. However, the minutes of defendant’s appearance on February 7 merely reveal a request by another trial assistant for an indefinite adjournment, without any response when the trial court twice stated that defendant’s case was adjourned to February 21, over defendant’s
 
 *182
 
 objection. Moreover, in none of the People’s oral or written responses in opposition to defendant’s motion is there an unequivocal statement by someone with firsthand knowledge that the People’s request for a continuance actually addressed to the court was only for a five-day adjournment. Under these circumstances, the People clearly failed to meet their burden of making a record to reflect the true basis for this two-week adjournment and, hence, the Appellate Division properly charged the entire delay to the People
 
 (see, People v Cortes,
 
 80 NY2d 201, 215-216;
 
 People v Liotta,
 
 79 NY2d 841, 843).
 

 It follows from the foregoing that the 20 days at issue here were entirely chargeable to the People which, with the conceded 165-day delay prior to arraignment, exceeded the statutory speedy trial period.
 

 The order of the Appellate Division should be reversed, defendant’s conviction vacated and the indictment dismissed.
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur.
 

 Order reversed, etc.