■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL TORRES, Appellant. [625 NYS2d 166] —Judgment of the Supreme Court, New York County (James A. Leff, J., at speedy trial hearing, trial and sentence), rendered November 13, 1991, convicting defendant, after trial by jury, of two counts of robbery in the second degree and one count of assault in the second degree, and sentencing him, as a second felony offender, respectively, to two terms of 7½ to 15 years and one term of 3½ to 7 years, all sentences to run concurrently, is unanimously reversed, on the law and facts, and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

Defendant made a timely pretrial motion to dismiss the indictment on the ground the People were not ready for trial within the time prescribed by CPL 30.30. Criminal Term directed that a hearing be held at the conclusion of the trial, and after that hearing, denied defendant's motion. We find that the denial of this motion was in error and, therefore, reverse and dismiss the indictment.

Initially, the People concede that they were responsible for 156 days of includable time. On this appeal, the includability of only five adjournments is in dispute.

An adjournment from December 19, 1990 to January 16, 1991 was given after three defendants appeared at an arraign-

ment part. Only defendant Torres was represented by counsel but the court directed defendant's attorney to represent all the defendants for the purpose of the arraignment. The People assert that the 28 day adjournment was excludable pursuant to CPL 30.30 (4) (d) as "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial pursuant to this section has not run". The People claim that the absence of counsel for the codefendants makes the period excludable as to this defendant even though his counsel was present. However, even in the absence of counsel, the adjournment period was *includable* as to the codefendants. "Defense counsel's failure to object to the adjournment or failure to appear does not constitute consent" *(People v Smith,* 82 NY2d 676, 678, citing *People v Liotta,* 79 NY2d 841, 843). In any event, the codefendants *were* represented by counsel for defendant, for the purpose of the arraignment only, as directed by the court. Therefore, these 28 days must be deemed includable and added to the conceded 156 days. Further, the 14 day period from January 23, 1991 to February 6, 1991 is includable as well. While the minutes do not show the reason for the adjournment, the People's claim that their records show that it was for motions, is insufficient to satisfy their obligation to make a clear record at the time of the adjournment showing the reason for said adjournment *(People v Cortes,* 80 NY2d 201, 215-216). Finally, the 28 day period from August 15, 1991 to September 12, 1991 was also includable. Defendant's motion for the production of an incarcerated witness was granted and the defendant was ready to proceed on August 15. The "motion time" exception applies only to time actually attributed to making, responding to, and deciding motions *(People v Collins,* 82 NY2d 177, 181). However, the period from May 22, 1991 through June 5, 1991 was properly excluded since it represented two adjournments for the same reason, i.e., defendant's request for new counsel. By requesting new counsel, defendant impliedly consents to a reasonable period of delay in the appointment of a new attorney.

Accordingly, there are a total number of 70 days chargeable to the People from the disputed adjournment periods. Combined with the conceded 156, this results in a total of 226 days, well over the permissible limit of 181 days.

We have examined defendant's other contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Kupferman, Asch and Mazzarelli, JJ.