■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS CAMPBELL, Appellant. [681 NYS2d 491] —Judgment, Supreme Court, New York County (James Yates, J.), rendered March 11, 1994, convicting defendant, after a nonjury trial, of attempted criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant's speedy trial motion was properly denied. The motion court properly excluded the time period from January 8, 1992 to February 27, 1992, since the People provided the Grand Jury minutes within a reasonable time (*see, People v Harris*, 82 NY2d 409) of the court's February 5th order granting defendant's motion to inspect and, up until that time, the various other branches of defendant's omnibus motion were *sub judice* notwithstanding the People's consent to the branch requesting the court to inspect the minutes (*see, People v Jones*, 235 AD2d 297, *lv denied* 89 NY2d 1095; *People v Douglas*, 209 AD2d 161, *lv denied* 85 NY2d 908).

The court properly excluded the time from June 18, 1993 to July 1, 1993 as a reasonable time to allow the People to prepare for trial following rendition of the court's decision suppressing much of the People's evidence (*see, People v Ali*, 195 AD2d 368, 369, *lv denied* 82 NY2d 804).

Defendant's claim that the court erred in failing to charge the People with the time period from July 22, 1993 to August 6, 1993 is not preserved for review (*see, People v Ladson*, 85 NY2d 926), and we decline to review it in the interest of justice. Were we to review this claim, we would find this period to be excludable.

Since the total amount of includable time falls far short of the period in which the People were required to be ready, we need not address two one-day adjournments claimed by defendant to be includable. Concur—Sullivan, J. P., Nardelli, Williams and Mazzarelli, JJ.