OPINION OF THE COURT
 

 Read, J.
 

 Following an undercover investigation of an illegal gun selling ring, defendant was charged with and a jury convicted him of various crimes, including one count each of criminal sale of a firearm in the first degree (Penal Law § 265.13) and criminal sale of a firearm in the second degree (Penal Law § 265.12).
 
 [1]
 
 Defendant then moved pursuant to CPL 330.30 (1) to set aside the verdict for these two counts. The trial court granted the motion, ruling that the People had failed to adduce legally sufficient evidence that defendant sold the requisite number of firearms; namely, “twenty or more” (Penal Law § 265.13) for first-degree criminal sale, and “ten or more” (Penal Law § 265.12) for second-degree criminal sale.
 
 [2]
 

 The Appellate Division affirmed defendant’s remaining convictions and the trial court’s order setting aside the verdict on the two higher-degree felony counts. A Judge of this Court granted leave to appeal to both defendant and the People, and we now affirm.
 

 DEFENDANT’S CLAIMS
 

 Initially, defendant contends that the trial court should have granted his motion to dismiss the indictment because of a violation of his statutory right under CPL 30.30 to a speedy trial. We agree with the courts below that the People announced their readiness for trial within the required six-month period
 
 (see
 
 CPL 30.30 [1] [a]).
 

 While defendant challenges the trial court’s exclusion of various periods from the time chargeable to the People, only one
 
 *492
 
 period warrants discussion. That period — 47 days — occurred when the trial court adjourned the case after defense counsel announced her intention to file a pretrial motion in a separate, unrelated narcotics case against defendant. In rejecting defendant’s speedy trial motion, the trial court ruled that the 47-day period was excludable under CPL 30.30 (4) (a) as a “delay resulting from other proceedings concerning the defendant, including * * * pre-trial motions.”
 

 Defendant argues that the 47-day period is not excludable because defense counsel, in fact, never filed the motion in the other case. To support his argument, he points to our observation in
 
 People v Collins
 
 (82 NY2d 177 [1993]) that the exclusion for pretrial motions under CPL 30.30 (4) (a) “generally refers to delays attributable to responding to and deciding motions actually made” (Collins, 82 NY2d at 181). Defendant reads far too much into the words “actually made” while ignoring the qualifier, “generally.”
 

 In
 
 Collins
 
 no pretrial motion was even in prospect. In fact, the record was “entirely devoid of any suggestion that the adjournment was made for the purpose of defense motions or even for the purpose of setting up a motion schedule”
 
 (id.).
 
 By contrast, defense counsel here clearly announced an intention to file motions, specifically including a CPL 190.50 motion. At the hearing, the trial court set a motion schedule and promised a decision before the next hearing slated for both cases. In short — and unlike the situation in
 
 Collins
 
 — the pretrial motions in this case were far from hypothetical. Accordingly, it is of no consequence that defendant never actually filed the contemplated motion for which the 47-day adjournment was granted.
 

 Next, defendant asserts that the trial court erred by issuing a missing witness charge for the failure to call his half brother to testify. Specifically, defendant contends that the People were not entitled to the charge because it was never shown that his half brother was in his “control”
 
 (see People v Gonzalez,
 
 68 NY2d 424, 428-429 [1986]).
 

 The trial court decided to issue a missing witness charge after defense counsel’s summation, in which she invited the jurors to find that it was the half brother, not defendant, captured on audiotape and videotape recordings of the various weapons transactions. Defense counsel pursued that strategy even though she had assured the trial court during a precharge conference that she would not mention the half brother to the
 
 *493
 
 jury. Moreover, once the trial court stated that defense counsel’s summation necessitated the missing witness charge, she challenged only the judge’s characterization of her remarks. At no point did she protest that the charge was not warranted because defendant had no “control” over the half brother.
 

 Having never raised an argument regarding “control” in the trial court, defendant failed to preserve his claim that the missing witness charge was error. Accordingly, this claim is beyond our review.
 

 Finally, defendant failed to preserve his argument that the prosecutor’s statements at summation deprived him of a fair trial. His remaining arguments are meritless.
 

 THE PEOPLE’S APPEAL
 

 According to the People, the trial court erred by setting aside the verdicts on the counts for first- and second-degree criminal sale of a firearm for evidentiary insufficiency. At trial, the People elicited evidence that defendant personally sold a total of 15 guns to an undercover officer in four separate transactions; defendant, however, never sold more than five guns in a single transaction. In addition to the purchases from defendant, the undercover officer bought 31 guns from defendant’s coconspirators in 12 other transactions. The People urge that the criminal-sale-of-a-firearm statutes allow for “aggregation” of the various sales to meet the statutory thresholds of “twenty or more firearms” (Penal Law § 265.13) or “ten or more firearms” (Penal Law § 265.12).
 

 Stemming the flow of illegal weapons into this state is a critical law-enforcement goal the achievement of which helps prevent other crimes. We agree with the courts below, however, that nothing in the plain language of Penal Law §§ 265.12 and 265.13 supports the People’s aggregation theory. We also agree with the lower courts that the People did not adduce sufficient evidence that defendant sold the requisite number of firearms.
 
 [3]
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 
 *494
 
 Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed.
 

 [1]
 

 . The jury also convicted defendant of one count of conspiracy in the fourth degree (Penal Law § 105.10), two counts of criminal sale of a firearm in the third degree (Penal Law § 265.11), and 19 counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [3] [possessing a defaced firearm (seven counts)], [4] [possessing a loaded firearm outside of his home or place of business (12 counts)]).
 

 [2]
 

 . The statutes are identical except for the number of firearms upon which guilt is predicated. So, “[a] person is guilty of criminal sale of a firearm in the first degree when he unlawfully sells, exchanges, gives or disposes of to another twenty or more firearms” (Penal Law § 265.13), while guilt for the second-degree crime calls for “ten or more firearms” (Penal Law § 265.12).
 

 [3]
 

 . Even after the trial court’s dismissal of the higher-degree felony counts, the remaining counts allowed for a sentence reflecting the severity with which this state views illegal gun traflicking. Further, whenever a defendant makes multiple, illegal gun sales, imposition of consecutive sentences for separately charged transactions may result in a sentence longer than the sentence that might have been imposed if all the sales had been aggregated into a single count.