1114

[907 NYS2d 829]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v JOSE RIOS, Defendant.

Criminal Court of the City of New York, Queens County, September 8, 2010

**APPEARANCES OF COUNSEL**

*Queens Law Associates, P.C.* (*Gregory C. Lehman* of counsel), for defendant. *Richard A. Brown, District Attorney* (*Myongjae Yi* of counsel), for plaintiff.

**OPINION OF THE COURT**

GENE LOPEZ, J.

The defendant moves, pursuant to CPL 30.30, for dismissal of the charges on speedy trial grounds. He was arraigned on July 19, 2009 on an accusatory instrument charging him with assault in the third degree, menacing in the second degree and harassment in the second degree, violations of Penal Law § 120.00 (1), § 120.14 (1) and § 240.26 (1).

As the top charge in the accusatory instrument is a misdemeanor punishable by a sentence of imprisonment of more than three months, the time period within which the People must have validly answered ready for trial was 90 days from the arraignment on the accusatory instrument (CPL 30.30 [1] [b]).

After a review of the defendant's motion, the People's response in opposition as well as the court record, the defendant's motion to dismiss pursuant to CPL 30.30 is decided as follows:

The defendant was arraigned on the accusatory instrument on July 19, 2009, and the case was adjourned until September 9, 2009 for a supporting deposition. The People filed the supporting deposition along with a certificate of readiness on July 28, 2009, stopping the speedy trial clock. Nine days are charged to the People.

On September 9, 2009, the case was adjourned until October 21, 2009 for a *Huntley/Dunaway* hearing and open file discovery. No time is charged to the People.

On October 21, 2009, the People announced ready, but the court adjourned the case until December 9, 2009 for hearings. No time is charged to the People.

On December 9, 2009 the People were not ready and requested an adjourn date of December 15, 2009. The court adjourned the case until January 12, 2010 with six days charged to the People. The defendant claims that all time should be charged for this adjournment. However, once the People answer ready for trial, the People are not chargeable with any postreadiness delay in excess of the specific adjournment they request when they answer not ready. (*See People v Williams*, 229 AD2d 603, 603-604 [2d Dept 1996]; *People v Urraea*, 214 AD2d 378 [1st Dept 1995]; *People v Bailey*, 221 AD2d 296 [1st Dept 1995].)

On January 12, 2010, the People announced not ready but requested a motion schedule to file a motion to consolidate with another docket. The court adjourned the case until February 22, 2010 for the People's motion and decision. However, the assigned assistant district attorney to the case now affirms that the request to consolidate the dockets was made in error and

that he did not know why the request was made. Moreover, in the People's response, the prosecutor acknowledges that they were not ready and affirms that the calendar assistant should have requested an adjournment to January 19, 2010 rather than seeking a motion schedule, thereby conceding seven days of time to be charged to the prosecution. Indeed, on the adjourned date of February 22, 2010, the People informed the court that they were not moving to consolidate the dockets.

As a general rule, the exclusion provided under CPL 30.30 (4) applies to all pretrial motions concerning the defendant, not just defense motions. Thus when the People express their intent to file a consolidation motion, that period of time is excludable. (*See People v Reed*, 19 AD3d 312, 315 [1st Dept 2005], *lv denied* 5 NY3d 832 [2005]; *People v Osorio*, 297 AD2d 231, 232-233 [1st Dept 2002]; *People v David*, 253 AD2d 642, 647 [1st Dept 1998], *lv denied* 92 NY2d 948 [1998].) At issue is whether the People should be denied the exclusion granted under CPL 30.30 (4) because of their failure to file the motion.

In *People v Collins* (82 NY2d 177, 181 [1993]), the Court of Appeals observed that the exclusion for pretrial motions "generally refers to delays attributable to responding to and deciding motions actually made." Thus in *Collins* no exclusion was granted where the record was devoid of the suggestion that the adjournment was for motions or for the purpose of setting a motion schedule. In *People v Brown* (99 NY2d 488, 492 [2003]), the Court clarified the ruling in *Collins* to include an exclusion for pretrial motions even if a motion is not "actually made." Thus in a situation where a motion schedule is set but the defendant never actually files the contemplated motion for which the adjournment was granted, that time would still be excluded.

In *People v Reed*, the Court, in allowing an exclusion for the People's expressed intent to file a motion to consolidate, observed that "the fact that a consolidation motion was actually filed on the next adjourn date proves that the motion was not hypothetical" (19 AD3d at 315). By implication, the Court suggests that the failure to file a motion after an expressed intent to file one could render the motion hypothetical, and then perhaps not worthy of the exclusion.

However, in the instant case, the People's request for a motion schedule, although made in error, was not hypothetical. There is no reason to believe that the request was made in bad faith for the purpose of avoiding chargeable delay. To conclude that the prosecution engaged in spurious motion practice in or-

der to avoid the charge of delay, there must be a factual and legal basis demonstrating that consolidation could not occur and that the motion was initiated in bad faith. Simply being wrong on the merits or reconsidering and withdrawing the motion does not alone establish bad faith. Nor does a misunderstanding of instructions given by one prosecutor to another constitute bad faith. Furthermore, "CPL 30.30 does not contain any provision where the excludability of the time provisions of the speedy trial rules is contingent on whether the moving party is successful in obtaining the relief sought" (*People v Sivano*, 174 Misc 2d 427, 429 [App Term, 2d Dept 1997], *lv denied* 91 NY2d 880 [1997]).

Additionally, after reviewing both files, there is every reason to believe that the cases could have been consolidated had the People so moved. Both cases involve the same complainant and similar charges. In hindsight, while the better practice would have been for the prosecutor to promptly disclose by means of an off-calendar letter informing the defendant and the court that an error had been made and announcing whether he was ready or not for trial, his delay in making this disclosure was minimal. The prosecutor informed the court and the defendant on the next adjourn date.

Given these circumstances, and mindful that penalizing the prosecution by charging the elapsed time against them would create an incentive to maintain meritless motions rather than risk a sanction, the adjournment from January 12, 2010 through February 22, 2010 is excluded pursuant to CPL 30.30 (4).

On February 22, 2010, as discussed above, the People informed the court that they were not moving to consolidate. Defense counsel was not present. Both defense counsel and the People affirm that the People announced ready. The case was adjourned until March 31, 2010 for hearings. No time is charged to the People.

On March 31, 2010, the People were not ready and requested an adjourn date of April 6, 2010. The court adjourned the case until May 11, 2010. Six days are charged to the People.

On May 11, 2010 the People were again not ready and requested an adjourn date of May 19, 2010. The case was adjourned until May 21, 2010. Eight days are charged to the People.

On May 21, 2010, the People were not ready and the case was adjourned until June 21, 2010. Although the court file does not

indicate, the People and the defendant both affirm that the People requested a short adjourn date of May 27, 2010. Six days are therefore charged to the People.

On June 21, 2010, the People announced ready on this case as well as the second case involving the defendant. A hearing was held on the second docket and both cases were adjourned until July 14, 2010 for decision on the second docket and for the hearing on this docket. No time is charged to the People.

On July 14, 2010, the People announced ready for trial. The defendant requested a motion schedule to file the instant speedy trial motion. The court adjourned the case until September 8, 2010 for defense motion, People's response and decision on the motion. No time is charged to the People.

Inasmuch as a total of 35 days is chargeable to the People, the defendant's motion to dismiss pursuant to CPL 30.30 is denied.