The People of the State of New York, Appellant,
against
Ranja Thomas, Defendant-Respondent.



The People appeal from an order of the Criminal Court of the City of New York, Bronx County (George A. Grasso, J.), rendered November 4, 2016, which granted defendant's motion to dismiss the accusatory instrument pursuant to CPL 30.30.




Per Curiam.
Order (George A. Grasso, J.), dated November 4, 2016, affirmed.
Criminal Court properly granted defendant's CPL 30.30 motion to dismiss the accusatory instrument. Defendant was charged in a felony complaint with assault in the second degree (see Penal Law § 120.05[3]), as well as related misdemeanors and violations. The case was twice adjourned for grand jury action between July 21, 2014 and October 27, 2014. On October 27, 2014, the People stated that the case still had not been presented to the grand jury, and requested a further adjournment for grand jury action. The matter was adjourned to January 12, 2015. However, on November 21, 2014, the People filed an affirmation seeking to "reduce" the sole felony charge pursuant to CPL 180.50. This affirmation indicated, without any detail, that the People had unsuccessfully attempted to contact defense counsel in an effort to advance the case and reduce the charges. There is no indication in the record that the People took any further action until the previously scheduled adjourn date of January 12, 2015, 52 days later. On that date, the People successfully moved to "dismiss," rather than "reduce" the felony count, and answered ready on the remaining counts.
The parties do not dispute that the speedy trial time limitation applicable to this matter, which was commenced by the filing of a felony complaint, is 184 days (see CPL 30.30[5][c]). The People concede 139 days of chargeable time, including the period between October 27, 2014, when the case was adjourned for grand jury action, and November 21, 2014, when they filed their off-calendar affirmation to reduce the felony charge. The sole period now in dispute is from November 21, 2014 to January 12, 2015. The People argue that this period is excludable because their November 21, 2014 affirmation constituted a motion to reduce, which was pending [*2]until the court granted their motion to dismiss the felony complaint on January 12, 2015 (see CPL 30.30[4][a]; see also People v Reed, 19 AD3d 312, 315 [2005], lv denied 5 NY3d 832 [2005] [time required for all pretrial motions, not just defense motions, excluded from speedy trial calculation]). Criminal Court rejected this argument, and we agree.
The People's November 21, 2014 off-calendar affirmation did not constitute a pretrial motion, and thus did not stop the speedy trial clock pursuant to CPL 30.30(4)(a). The affirmation was not accompanied by any notice of motion, did not contain any return date, and the court did not set a motion schedule. Thus, on November 21, 2014, no motion was actually made (see People v Collins, 82 NY2d 177, 181 [1993]; compare People v Brown, 99 NY2d 488 [2003] [excludable delay when defendant announced intention to file motion in open court and court set a motion schedule]). Clearly, if the People wanted to expeditiously move to dismiss (or reduce) the felony charge and declare their readiness on the remaining charges, thereby stopping the speedy trial clock, they had remedies available to them. The People could have easily advanced the case or made an ex parte application pursuant to CPL 180.40 or 180.50 to dismiss or reduce (see People v Harris, 148 Misc 2d 408 [Crim. Ct., NY County 1990, Kahn, J.]). Likewise, the People could have filed and served a notice of readiness with respect to the remaining counts (see People v Dion, 93 NY2d 893 [1999]; People v Brooks, 190 Misc 2d 247 [App Term, 1st Dept 2001]).
Thus, the People, by their unjustified inaction, are chargeable with the 52-day period between November 21, 2014 and January 12, 2015 (see People v Clarke, 28 NY3d 48, 52 [2016] [speedy trial rule intended to address delays occasioned by prosecutorial inaction]). When these days are added to the 139 days conceded by the People, the total is 191 days, which is beyond the statutory period of 184 days.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: March 28, 2018