People v Saquijxol (2024 NY Slip Op 50970(U))

[*1]

People v Saquijxol

2024 NY Slip Op 50970(U)

Decided on July 19, 2024

Criminal Court Of The City Of New York, Queens County

Gershuny, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 19, 2024
Criminal Court of the City of New York, Queens County

The People of the State of New York

against
Luis Saquijxol, Defendant.

Docket No. CR-032436-22QN

For the People, Melinda Katz, Queens District Attorney's Office (by Diana Costin);
For Mr. Saquijxol, Twyla Carter, The Legal Aid Society (by Susan Crile).

Jeffrey Gershuny, J.

Should speedy trial time be excluded when the People request an adjournment to file motions, but never submit them? This Court finds that the People are charged for that delay and the CPL 30.30 (4) (a) motion-practice exclusion, among others, does not apply.
Factual and Procedural Background
The accusatory instrument was filed on December 31, 2022 and the defendant was arraigned the same day. He is accused with a top count of driving while intoxicated (Vehicle and Traffic Law 1192 [3]), among other charges. The People filed a certificate of compliance and statement of readiness on March 10, 2023. A suppression hearing commenced on September 19, 2023 and concluded on December 6, 2023. The court suppressed evidence, and the People requested time to file a motion to reargue that decision.
On December 6, 2023, the court adjourned the case for one week in order for the People to determine if they would file a motion to reargue. On December 12, 2023, the parties returned to court and the People requested a motion schedule to reargue the suppression decision (December 12, 2023 Appearance Minutes, P2, L10-12). The People's motion was due December 29, 2023 and the defendant's response was due January 12, 2024. The case was then adjourned to January 31, 2024 for decision on motion. The People never filed a motion to reargue and did not file a statement of trial readiness during this period. On January 31, 2024, the parties returned to court and the People announced ready to proceed, and that no motion would be filed.

 Arguments and Analysis
The defendant now moves to dismiss for speedy trial violation (Criminal Procedure Law ["CPL"] 30.30 [1] [b]) and argues that the People's requested adjournments to file a motion which was never submitted should be included in speedy trial calculations. The People oppose, and argue that the time used to consider filing a motion is excludable under two statutes, and the adjournments did not cause unreasonable delay.
For the reasons discussed below, there is no exclusion for speedy trial time pursuant to Civil Procedure Law & Rules ("CPLR") 2221, and the exclusion for speedy trial time carved out in CPL 30.30 (4) (a) is contingent on the People actually filing a pre-trial motion.
I. Statutory speedy trial time exclusions
The People argue that the two adjournments they requested are excluded from speedy trial under two statutes. First, the People argue that they had a statutory thirty-day window to file [*2]a motion to reargue, and that this time should be excluded pursuant to CPLR 2221 (d) (3). Second, the People argue that even though no motion was ever filed, these adjournments are excluded under CPL 30.30 (4) (a) as pre-trial motion practice.
A. CPLR 2221 (d) (3) thirty-day window to file motions to reargue
Criminal Procedure Law does not give instruction on motions to reargue. In its silence, courts have applied Civil Procedure Law & Rules, which gives guidance on these types of motions (see People v Illis, 184 AD3d 859 [2d Dept 2020]; People v Acevedo, 140 AD2d 846 [3d Dept 1988]). CPLR 2221 (d) (3) states that a motion to reargue "shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry." While CPL 30.30 delineates all the reasons speedy trial time may be excluded, none of those exceptions incorporates the thirty-day window for a timely motion to reargue under the CPLR. The People misapprehend the CPLR 30-day time period to file a motion to reargue as an authorized exception of speedy trial time under the CPL. No such exclusion exists.
B. CPL 30.30 (4) (a) speedy trial exclusion for pre-trial motion practice
CPL 30.30 (4) (a) excludes "a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to . . . pre-trial motions". The People argue that CPL 30.30 (4) (a) applies, regardless that no motion was filed, and that the adjournments they request were "a reasonable period of delay" (id.) and should not be included in speedy trial calculations. This argument is unsupported by statute and decades of speedy trial jurisprudence. 
1. The People can only rely on CPL 30.30 (4) (a) to exclude time after a motion is actually filed.
"[T]he plain language of [CPL 30.30 (4) (a)] does not limit its applicability to motions made by the defense. It excludes without limitation any pre-trial motion and this includes motions made by the prosecution" (People v Sivano, 666 NYS2d 875 at 876 [App Term, 2d Dept 1997]). This exclusion applies to motions that are under contention and require a response (see People v Reed, 19 AD3d 312 [App Term, 1st Dept 2005] [People's motion for consolidation]; People v Torres, 205 AD3d 254 [1st Dept 2022] [People's motion for protective order]), and a motion to reargue filed by the People qualifies for CPL 30.30 (4) (a) exception (People v Barham, 216 AD2d 477 [2d Dept, 1995] ["the 40 days which elapsed while the Supreme Court considered the People's motion to reargue dismissal of the first indictment was excludable under CPL 30.30(4)(a)"]).
However, when the People request an adjournment to file a motion, and no motion is filed or under consideration of the court, the People have caused delay without exception. As courts and the Court of Appeals have made clear in subsequent decisions, "[t]he 'motion time' exception applies only to time actually attributed to making, responding to and deciding motions" (People v Torres, 214 AD2d 401 [1st Dept], lv denied 86 NY2d 803 [1995]; People v Collins, 82 NY2d 177 [1993]).
Despite the clear cut application of CPL 30.30 (4) (a) as discussed in People v Collins (82 NY2d 177 [1993]), the Court of Appeals later introduced a caveat for the unique situation when a defendant requests a motion schedule and does not file a motion. The Court of Appeals held in People v Brown (99 NY2d 488 [2003]) that a defendant who requests a motion schedule, but does not file a motion, nevertheless triggers the motion-practice exclusion of speedy trial time even when no motion was "actually filed" (id.). The Brown court distinguished its holding [*3]from People v Collins (82 NY2d 177): in Brown, the court adjourned the case at the request of the defendant, who clearly stated his intent to file motions, whereas in Collins the court adjourned the case without a motion schedule and for no distinct purpose. "In short — and unlike the situation in Collins — the pretrial motions in [Brown] were far from hypothetical" (Brown [2003]).
Determining whether a requested motion is 'hypothetical' requires separate analysis dependent on which party seeks to file a motion. When a defendant requests a specific adjournment to file motions, as in Brown, that time is excluded under CPL 30.30 (4) (a), and if no motion is actually filed, remains excluded under CPL 30.30 (4) (b) as "delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his or her counsel" (see People v Ocasio, 39 Misc 3d 456, 477 [Sup Ct, Bronx County 2013] ["all of the periods of delay included within CPL 30.30(4)(a) would qualify as excludable time under CPL 30.30(4)(b)"]). The same rationale cannot be applied in reverse when the People request to file a motion and then fail to do so. It is of no consequence that a defendant should fail to file a motion, because the adjournment for motion practice was itself made and granted upon his or her request at the outset. The People, on the other hand, do not have a catch-all exception to speedy trial time which is triggered merely at their request. This highlights the entire premise of CPL 30.30: it is a defendant's right to a speedy trial, one which they may request to delay with approval of the court (CPL 30.30 [4] [b]), whereas the People have no such right to request a delay beyond the reasons listed by statute (see CPL 30.30 [3] [b], [4]).
Suspending a defendant's right to a speedy trial for the People's motion practice is wholly dependent on whether there is a matter filed for the court to consider. Even when the People actually file a motion that is then subsequently withdrawn, CPL 30.30 (4) (a) does not apply (see People v Brown, 207 AD2d 556 [2d Dept 1994] [period chargeable to the People "since that delay was occasioned by the pendency of the People's motion to consolidate the defendant's indictment with the separate indictment of another individual, a motion which the People subsequently withdrew"]).[FN1]
 Likewise, when the People file an appeal during the pendency of a case, and later withdraw, speedy trial time is included for that delay (People v McIntosh, 80 NY2d 87, 90 [1992]; see also People v Ireland, 217 AD3d 971 [4th Dept, 1995] ["the withdrawal of an appeal by the People is a nullity and cannot serve as a basis for an exclusion of time within [*4]which the People must be ready for trial pursuant to CPL 30.30. Thus, the eight-month period . . . when the People's appeal was pending until it was withdrawn by the People, is chargeable to the People and amounts to post-readiness delay in excess of the statutory time period"]). If a prosecutor's motion that is actually filed but then subsequently withdrawn is a legal "nullity" and chargeable to the People, certainly a motion that is never even filed does not stop the speedy trial clock.
The motion practice exclusion for speedy trial time is only applicable in the People's favor once they actually file a motion (People v Reed, 19 AD3d 312 [1st Dept 2005] ["This period is also excludable based on the People's expressed intention to file a consolidation motion . . . and the fact that a consolidation motion was actually filed on the next adjourn date proves that the motion was not hypothetical"] [emphasis added]; People ex rel Farbman v Brann, 197 AD3d 1054 [1st Dept 2021] [ "the motion for a protective order was not 'hypothetical,' because it was ultimately brought, albeit belatedly"] [emphasis added]). The People's request to file a motion, standing alone, is not a recognized exception to delay a defendant's trial.
2. Good faith does not substitute for a missing motion, or excuse the delay caused by an adjournment requested by the People.
The People also argue that they requested the motion schedule in good faith and should not be penalized for later determining there was no merit to filing a motion to reargue. A good faith legal basis to file a motion is not the standard required by CPL 30.30 (4) (a); instead, time is excluded only "during which [pre-trial motions] are under consideration by the court" (id.). The fact that the People had a cognizable legal claim to litigate in motion practice, and that they requested the motion schedule in good faith, does not substitute for the lack of an actual motion filed before the court.
Good faith does play a part in motion practice, but dictates the quality of motions actually filed, and is irrelevant if nothing is ever submitted for the court's consideration. Non-frivolous motions made in good faith, whether filed by the prosecutor or the defense, are excludable (People v Barnes, 160 AD3d 890 [2d Dept 2018]); however when the People do not submit a motion to consider, even if requested in good faith, speedy trial time remains included (see People v McIntosh, 173 AD2d 490 [2d Dept 1991] ["[W]e remind the People that an erroneous filing of an unnecessary appeal, regardless of how innocent or inadvertent, will not be permitted to compromise the constitutional and statutory rights of an accused to a speedy trial. Hence, in such instances, the People will be held accountable for that period of delay between the taking of the unnecessary appeal and the making of the application to withdraw it"] upheld by 80 NY2d 87 [1992]).
Any delay for reasons beyond those listed in CPL 30.30 (3) or (4) that is caused by the People is included in speedy trial time, even if it is not purposeful delay done in bad faith (cf People v Rios, 29 Misc 3d 1114 [Crim Ct, Queens County [2010]). Even in the context of motion practice that would otherwise qualify for speedy trial exclusion, the Court of Appeals has included time when the delay is caused by the People, regardless of their intentions behind the delay. In People v Harris, the People delayed in providing grand jury minutes during pre-trial motion practice, and the Court of Appeals made clear that "a specific finding of negligence . . . is unnecessary in this case. It is sufficient that the People's inaction resulted in a delay in the court's disposition of the motion" (People v Harris, 82 NY2d 409 [1993]). The reasons and intent behind the People's delay, whether negligence, miscommunication, bad faith or simple error, do [*5]not determine whether or not the delay is charged; whenever the People's inaction causes unexcused delay during motion practice, that delay is included.
To hold in the alternative would be to permit the People to suspend their obligation of trial readiness at any time, as long as they professed a well-meaning intent to file a motion that is ultimately never submitted. Automatically excusing any adjournment requested by the People labeled as "motion practice," where no motions are filed, unjustifiably creates the equivalent of a CPL 30.30 (4) (b) exception for prosecutors that legislators did not include. Extending the CPL 30.30 (4) (a) motion practice exception to cover the People's mere requests for motions, without anything for the court to decide during the period of those requests, is not supported by either statute or caselaw.
3. During motion practice, the People will be charged speedy trial time for delay caused by their inaction, unless a motion or statement of readiness is filed.
CPL 30.30 is a statute that was intended "to address delays occasioned by prosecutorial inaction" (McKenna, 76 NY2d 59, 63 [1990]). In this case, the People requested a motion schedule, and knew sometime between December 25, 2023 and January 1, 2024 that they would not file their motion (May 21, 2024 Hearing Minutes, P16, L 24-25; P17, L1-2). "[W]hen the People are not ready and request an adjournment, a later written 'statement of readiness can save the People from liability for the remainder of the adjournment period'" (People v Barden, 27 NY3d 550, 553 [2016] quoting People v Stirrup, 91 NY2d 434, 436 [1998]). Rather than filing their intent to withdraw their request with an off-calendar statement of readiness for trial, the People waited until January 31, 2024 to announce that no motion was coming and that they were then ready to proceed.
Once the People knew they no longer intended to file a motion to reargue, the adjournment was no longer excluded under CPL 30.30 (4) (a) and they were required to submit a statement of present readiness for trial. Such a statement satisfies the People's obligation to "make an affirmative representation of readiness" (People v Kendzia, 64 NY2d 331 [1985]) which alerts the defendant and the court that the case is trial-ready. The court can then better administratively mitigate any delay caused by the initial adjournment for motion practice that is no longer applicable.
Lastly, the People argue that including speedy trial time for motions not actually filed would incentivize meritless motion practice. Completely to the contrary, restricting the motion practice exception to People's motions actually filed will incentivize a comprehensive review of a case before requesting adjournments to do so, rather than causing delay where no motion is in fact filed (see People v McIntosh [1991] ["A thorough review of the case by the People prior to the filing of a notice of appeal and CPL 450.50 statement is the most efficient manner by which to avoid [delay cause by filing an erroneous appeal]"). Furthermore, as previously stated, instead of filing a meritless motion, all the People need submit is a statement of readiness.
II. Other statutory speedy trial exclusions
A. A reasonable period of delay following a court decision
In addition to time periods when motions are actually under consideration, courts have recognized other types of speedy trial exclusions flowing from pre-trial motion practice. While the People do not argue this exclusion, the Court notes that usually, the People are not charged time between a suppression court's ruling and an adjournment for trial because they are afforded time to prepare their case for trial in compliance with a court's decision. This exclusion stems [*6]from the rationale that the People cannot predict ahead of time what the outcome of the court's decision will be (see People v Roebuck, 279 AD2d 350 [1st Dept 2001]; People v Reed, 19 AD3d 312 [1st Dept 2005]; People v Campbell, 255 AD2d 229 [1st Dept 1998]; People v David, 253 AD2d 642 [1st Dept, 1998]; People v Green, 90 AD2d 705 [1st Dept 1982], lv denied 58 NY2d 784 [1982]).
This line of cases does not hold that the People are entitled an automatic immunity from speedy trial time in every respect for any period following a court's decision on motions. This exclusion is specifically limited to the necessary time it takes the People to prepare their case for hearing and trial following a decision and cannot be read to excuse post-readiness delay attributed to prosecutorial inaction (People v Sanchez, 202 NYS3d 726 [Sup Ct, Kings County 2024] [period following court's decision on defendant's motion to controvert was charged to the People for their inaction to provide grand jury minutes, causing delay in disposing of the defendant's remaining outstanding motion]).
Excluding time for a reasonable period of delay following a court's decision in order to prepare the People's case for trial is clearly not applicable here, as the case was not adjourned for that purpose. "[T]he burden rests on the People to clarify, on the record, the basis for the adjournment so that on a subsequent 30.30 motion the court can determine to whom the adjournment should be charged" (People v Liotta, 79 NY2d 841 [1992]). In this case, the record is clear that the People did not request a trial date and time to prepare for trial; instead, they requested an adjournment to decide whether or not they would file a motion to reargue (December 6, 2023 Appearance Minutes, P3, L19-24) and then further requested time to file a motion that they never submitted. The time used to contemplate hypothetical motion practice that never comes to pass is not excludable time, and is clearly chargeable delay directly attributed to the People (see CPL 30.30 [3] [b], [4]; People v McKenna, 76 NY2d 59 [1990] [speedy trial dismissal is necessary due to "unexcused, postreadiness delay by the prosecution"]).
B. People's requested time for adjournment
In addition to arguing that the entire period is excludable under CPL 30.30 (4) (a), the People alternatively argue that they should only be charged the two weeks they requested to prepare and file their motion (May 21, 2024 Hearing Minutes, P17, L7-9). This argument confuses excluding time for delay caused by court congestion with delay caused by motion practice. When the People announce not ready to proceed after previously announcing ready, and request a specific date that the court cannot accommodate, they are only charged the time they request (People v Labate, — NE3d —, 2024 NY Slip Op 01582 [2024]) because speedy trial time is only included for delay attributable to the People, and excluded for delay caused by the courts (People v Brown, 28 NY3d 392 [2016] ; People v Goss, 87 NY2d 792 [1996]). In this case, the entire adjournment requested by the People for motion practice is what caused the delay, not just the two week deadline for their filing set by the court. 
C. Assigned Assistant District Attorney's illness
Lastly, the People's argument that the assigned district attorney was ill during this adjournment, is of no consequence. An assigned assistant's illness which causes delay in the People's case does not exclude speedy trial time (see People v Reid, 214 AD2d 396 [1st Dept 1995]; People v Sebak, 245 AD2d [1st Dept 1997], lv denied 91 NY2d 945 [1998]).
III. Conclusion
"[P]ostreadiness delay may be charged to the People when the delay is attributable to their inaction and directly implicates their ability to proceed to trial" (People v Brown, 28 NY3d 392, 404 [2016]). The People's inaction in this case included failing to submit a motion they requested leave to file, and failing to announce their present readiness for trial once no motion was filed. Without either a motion or statement of readiness, the People's requested adjournment was unexcused delay that directly prevented the case from proceeding to trial. For the reasons discussed, this delay is not permitted under CPL 30.30 (4) (a) or any other exclusion and is included in speedy trial calculations.

Speedy Trial Calculation
The defendant moves to dismiss pursuant to CPL 170.30 (1) (e) on the ground that he has been denied his right to a speedy trial (CPL 30.30 [1] [b]). The top count on the accusatory instrument is an unclassified misdemeanor, therefore the People have 90 days from the commencement of the criminal action to be ready for trial (id.; People v Cooper, 98 NY2d 541, 543 [2002]).
"[O]nce a defendant has shown the existence of an unexcused delay greater than [90 days], the burden of showing that time should be excluded falls upon the People" (People v Barden, 27 NY3d 550 [2016], quoting People v Santos, 68 NY2d 859, 861 [1986]; see People v Santana, 80 NY2d 92, 105 [1992]):
"Generally, the burden is on the People to establish their entitlement to exclude any pre-readiness delays from the calculation under a CPL 30.30 motion and the burden is on a defendant to prove that any post-readiness delays that directly implicate the People's ability to proceed with trial are chargeable to the People, unless the People failed to satisfy their burden to ensure that the record is sufficiently clear as to who is chargeable for an adjournment" (People v Robinson, 67 AD3d 1042 [3d Dept 2009], citing People v Cortes, 80 NY2d 201, 210, 215-216 [1992]).
The following is a period-by-period analysis of speedy trial time which applies this law:
December 31, 2022 — March 10, 2023 (69 days included)
The action commenced on December 31, 2022 with the filing of the accusatory instrument (CPL 1.20 [17]; 100.05; People v Cooper, 98 NY2d at 543; People v Abdullah, 133 AD3d 925 [3d Dept 2015], lv denied 27 NY3d 990 [2016]). The People were not ready for trial at the defendant's arraignment, and the case was adjourned for discovery compliance. On March 10, 2023, the People filed an off-calendar certificate of discovery compliance and statement of readiness. There are 69 days included in this period.
March 10, 2023 — September 19, 2023 (0 days included)
After the People filed their statement of readiness on March 10, 2023, the case was adjourned several times for suppression hearings. During these adjournments the People continued to announce ready to proceed. The suppression hearing actually began on September 19, 2023. No time is included in this period.
September 19, 2023 — December 6, 2023 (0 days included)
The People presented one of three witnesses on September 19, 2023. The suppression hearing was continued for the presentation of two additional witnesses, and to accommodate a technological error with the People's video evidence. The court issued a suppression decision on December 6, 2023 and granted the defendant's motion to suppress. No time is included in this period (CPL 30.30 [4] [a]).
December 6, 2023 — December 12, 2023 (6 days included)
On December 6, 2023, after the court issued its suppression decision granting the defendant's motion, the People requested a one week adjournment to determine if they would file a motion to reargue. The court adjourned the case for one week at the People's request. Therefore, the adjournment was made at the People's request and is included in speedy trial calculations for the reasons discussed above. Six days are included in this period.
December 12, 2023 — January 31, 2024 (50 days included)
On December 12, 2023 parties appeared in court for the People's determination on whether or not a motion to reargue would be filed. On that date, the People requested a motion schedule to file a motion to reargue, which the court set. The People did not file any motion, and for the reasons discussed above, CPL 30.30 (4) (a) does not apply. Fifty days are included in this period.
January 31, 2024 — February 21, 2024 (0 days included)
On January 31, 2024, after announcing they would not file any motion to reargue, the People announced ready and the case was adjourned for trial. On the next date, the defendant filed the instant motion, stopping the speedy trial clock (CPL 30.30 [4] [a]). No days are included in this time period.
Accordingly, a total of 125 days are included in speedy trial calculations, exceeding the 90 days mandated by statute and the defendant's motion to dismiss is granted.
IT IS SO ORDERED. The clerk is directed to enter this order.
DATE: July 19, 2024
Kew Gardens, NY
JEFFREY GERSHUNY, J.,
Judge of the Criminal Court

Footnotes

Footnote 1:However, when the People file a motion that is later rendered inapplicable by facts or litigation outside their control, withdrawal of the motion is necessary and courts have still applied CPL 30.30 (4) (a) to exclude time for motion practice (see People v James, 170 AD3d 477 [1st Dept, 2019] [where People filed a motion to consolidate with a co-defendant, yet ultimately withdrew that motion after unsuccessfully litigating a Bruton issue, speedy trial time was nevertheless excluded for motion practice]; People v Richardson, 192 AD3d 432 [1st Dept 2021], lv denied 37 NY3d 959 [2021] [where People made a Sirois application to introduce victim's out of court statement due to a belief that the defendant caused the victim's unavailability, time was properly excluded even though the People later withdrew their application once they located the victim and found they could not prove the defendant had threatened him]). In this case, the decision to withdraw their intent to file a motion to reargue was not in response to any change in facts or law, but solely based on the People's review of the case itself. Weighing the merits of a motion must occur before the request to file that motion is made.