People v Carranza (2025 NY Slip Op 51691(U))

[*1]

People v Carranza

2025 NY Slip Op 51691(U)

Decided on October 20, 2025

Criminal Court Of The City Of New York, Richmond County

Rajeswari, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 20, 2025
Criminal Court of the City of New York, Richmond County

The People of the State of New York

against
Vicente Carranza, Defendant.

Docket No. CR-007297-24RI

For the Defendant: Eric Nelson, Esq. 
54 Florence Street
Staten Island, NY 10308
For the People: Michael E. McMahon 
District Attorney, Richmond County 
130 Stuyvesant Place
Staten Island, NY 10301 
By: A.D.A. Hannah Curley, Esq.

Raja Rajeswari, J.

By motion filed August 20, 2025,[FN1]
the defendant seeks: (1) to dismiss the information pursuant to CPL 170.30(1)(e) and CPL 30.30(1)(b) on the grounds that the People failed to properly reduce the felony complaint to a misdemeanor information; and (2) the Certificate of Compliance ("COC") and Certificate of Trial Readiness ("CTR") filed by the People on July 8, 2025 were illusory. The People filed their motion response on September 5, 2025, and the defendant filed a reply via letter on September 11, 2025. For the reasons stated below, the defendant's motion to dismiss is denied.
CPL 30.30 MOTION
The defendant first contends that the original accusatory instrument, a felony complaint, "was not replaced with a different instrument by reduction." Rather, relying [*2]on People v. Tychanski, 78 NY2d 909 (1991), because the felony charge was dismissed, the felony complaint not properly reduced, and the People have exceeded their statutorily prescribed time period pursuant to CPL 30.30. The People oppose, arguing that the felony complaint was properly reduced pursuant to CPL 180.50.
Here, the instant criminal action commenced with the filing of a felony complaint on October 31, 2024, charging the defendant with Rape in the Third Degree (Penal Law § 130.25[2]), Sexual Misconduct (Penal Law § 130.20[2]), Endangering the Welfare of a Child (Penal Law § 260.10[1]) and Sexual Abuse in the Third Degree (Penal Law § 130.55), and the court granted the People's application to reduce the accusatory instrument to a misdemeanor complaint on July 1, 2025. Accordingly, the calculation of the speedy trial time applicable and elapsed involves a discussion of both CPL 30.30(7)(c) and CPL 180.50.
The People may only reduce a felony complaint to an accusatory instrument charging misdemeanors pursuant to CPL 180.50. See People v Yolles, 92 NY2d 960, 961 (1998). In most scenarios, such as the instant matter, the process takes place upon the People's request where the People make an application on the record to request the dismissal of the felony charges and requesting that the defendant's prosecution to continue on the non-felony charges only.
CPL 180.50 delineates a specific procedure to be followed to effectuate a reduction whereby the court "upon consent of the district attorney, make[s] [an] inquiry for the purpose of determining whether (a) the available facts and evidence relating to the conduct underlying the felony complaint provide a basis for charging the defendant with an offense other than a felony, and (b) if so, whether the charge should, in the manner prescribed in subdivision three, be reduced from one for a felony to one for a non-felony offense." CPL 180.50(1). After this inquiry, the court is required to make a finding as to whether it "is satisfied that there is reasonable cause to believe that the defendant committed an offense other than a felony" at which point the court "may order the indicated reduction." CPL 180.50(2). In other words, before a reduction may take place, "[t]he local criminal court . . . must first inquire into whether the facts and evidence provide a basis for charging a nonfelony offense. Only if the court is satisfied, after such an inquiry, that there is reasonable cause to believe that the defendant committed a nonfelony offense may the court order the indicated reduction." People v Kane, 57 Misc 3d 35, 38 (App Term, 2d Dept, 9th & 10th Jud Dists 2017) (citing CPL 180.50[1] and Yolles, 92 NY2d at 961); see also CPL 180.50(2).
Where, as in most circumstances, the felony complaint contains allegations that provide reasonable cause to believe that the defendant committed a felony in addition to the non-felony offense, "the court may order a reduction of the charge to one for the non-felony offense only if (i) it is satisfied that such reduction is in the interest of justice, and (ii) the district attorney consents . . . " (CPL 180.50[2][b]), with the court stating its finding on the record. In that instance the court will "[c]onvert the felony complaint, or a copy thereof, into an information by notations upon or attached thereto which make the necessary and appropriate changes in the title of the instrument and in the names of the offense or offenses charged." CPL 180.50(3)(a)(iii).
Such is the case here. On July 1, 2025, in the presence of defense counsel, the People made an application to the court dismiss the first count of the felony complaint, Rape in the Third Degree (Penal Law § 130.25[2]), the lone felony count, and retain the remaining misdemeanor charges because the case is better prosecuted as a misdemeanor. The People further served and filed a supporting deposition. Upon review of the accusatory instrument and the supporting deposition, the court granted the People's application, dismissed the felony count [*3]and deemed the accusatory instrument an information. The court further marked the felony complaint accordingly.
The defendant's reliance on People v Tychanski, 78 NY2d 909 (1991) is misplaced. In Tychanski, the Court of Appeals held that the People were entitled to six months, not ninety days, when the original accusatory instrument, a felony complaint, was subsequently replaced with a misdemeanor indictment. The Court emphasized that the Legislature had squarely addressed that specific scenario in CPL 30.30(5)(c), providing that the conversion from a felony to a misdemeanor would reduce the readiness period in specified situations from six months to ninety days, with the ninety-day period measured from the filing of the new instrument. Because the Legislature, in the opinion of the Court of Appeals, had deliberately omitted misdemeanor indictments from the category of accusatory instruments that serve to reduce the speedy trial period from six months to ninety days, the Court held that the six-month period continued to apply in that case. In contrast, here, the felony complaint has not been replaced with a misdemeanor indictment, but rather with a misdemeanor information. Consequently, contrary to the defendant's argument, the felony complaint was properly reduced pursuant to CPL 180.50 and converted into an information pursuant to CPL 170.65.
Having determined that the felony complaint was properly reduced and converted to an information, the court must turn to CPL 30.30(7)(c) to determine the applicable time period for speedy trial purposes. CPL 30.30(7)(c) provides,
Where a criminal action is commenced by the filing of a felony complaint, and thereafter, in the course of the same criminal action either the felony complaint is replaced with or converted to an information, prosecutor's information or misdemeanor complaint pursuant to article one hundred eighty of this chapter or a prosecutor's information is filed pursuant to section 190.70 of this chapter, the period applicable for the purposes of subdivision one must be the period applicable to the charges in the new accusatory instrument, calculated from the date of the filing of such new accusatory instrument; provided, however, that when the aggregate of such period and the period of time, excluding the periods provided in subdivision four, already elapsed from the date of the filing of the felony complaint to the date of the filing of the new accusatory instrument exceeds six months, the period applicable to the charges in the felony complaint must remain applicable and continue as if the new accusatory instrument had not been filed.
Here, the action was commenced with the filing of the felony complaint on October 31, 2024, and it was reduced to a misdemeanor information on July 1, 2025. Because the felony complaint was replaced with an accusatory instrument, the highest charges of which are class A misdemeanors, the People must be ready for trial within 90 days from the filing of the new instrument or six months from the filing of the felony complaint, whichever is earlier (CPL 30.30[1][b] and 170.30[1][d] or [e]). Therefore, the applicable six-month period is 181 days.

CERTIFICATE OF COMPLIANCE
The defendant further contends that People's July 8, 2025 COC and CTR were illusory. The crux of the defendant's motion is that because the People provided notice of their intent to call a DNA expert in the COC, pursuant to CPL 245.20(f), but have failed to move for the compulsion of a DNA sample from the defendant and provided no information regarding pending or concluded testing or comparison, the People were not ready for trial. Following the [*4]filing of the defendant's motion to dismiss, the People moved under separate cover for an order compelling the defendant to permit the taking of a buccal swab sample for the purpose of a DNA comparison. The People oppose, arguing that while they provided such notice, the People were nonetheless prepared to move forward without additional DNA evidence.
Before answering ready for trial, the People must have "done all that is required of them to bring the case to a point where it may be tried." People v England, 84 NY2d 1, 4 (1994). Once a statement of readiness is filed, the People are only charged for adjournments when the delay is solely and exclusively the fault of the prosecution, and the time cannot otherwise be excluded under CPL 30.30(4). See People v Brown, 28 NY3d 392, 404 (2016); People v Cortes, 80 NY2d 201, 210 (1992). Conversely, "A statement of readiness at a time when the People are not actually ready is illusory and insufficient to stop the running of the speedy trial clock." England, 84 NY2d at 4.
Additionally, absent "an individualized finding of special circumstances," the People "shall not be deemed ready for trial for purposes . . . until it has filed a proper certificate pursuant to [CPL 245.50(1)]." CPL 245.50(3); see also CPL 30.30(5), 245.20(1), 245.50(1). Further, any CTR "must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of [CPL] 245.20." CPL 30.30(5). Therefore, the filing of a "proper" certificate of compliance is a prerequisite to the People being deemed ready for trial. CPL 245.50(1), (3); People ex rel. Ferro v Brann, 197 AD3d 787 (2d Dept 2021).
Pursuant to CPL 245.50(1), the People must file a COC which affirms that, "after exercising due diligence and making reasonable inquiries and efforts to ascertain the existence of, obtain, and disclose material and information subject to discovery, the prosecution has disclosed and made available all known material and information it has obtained subject to discovery." When a defendant challenges a COC, this court will first examine the alleged discovery lapses individually to determine whether and to what extent the People failed to meet their discovery obligations. If the court finds any discovery violations, the court will then examine the violations in the context of "the totality of the [People's] efforts to comply with the provisions of [Article 245]" to determine whether the People nevertheless "exercised due diligence and acted in good faith" in discharging their duties (CPL 245.50 [5], [6]; see also People v Bay, 41 NY3d 200, 211 [2023]).
Contrary to the defendant's argument, DNA evidence in the instant matter is not a prerequisite to a valid statement of readiness. Rather, the court is satisfied by the People's representation that the People were and still are ready to proceed to trial without relying upon any DNA testing. The People have maintained their willingness and ability to proceed to trial on the charges, which is a reasonable assertion given the allegations in the accusatory instrument. Instead, the People have evidence to proceed to trial and are further attempting to see if they could strengthen it through DNA testing, which is a strategic decision that does not undercut their ability to proceed or invalidate a statement of readiness for trial. See People v King, 152 AD2d 412, 412 (1st Dept 2017) ("The record supports the reasonable inference that, even if the People intended to strengthen their case by way of DNA evidence, but failed to make a timely motion for DNA testing, they had always been prepared to proceed to trial by relying solely on eyewitness testimony.").
Moreover, based on the People's assertions that such DNA results are not yet available, such materials are not in the People's constructive or actual possession (CPL 245.20[2]), and it is axiomatic that the People cannot disclose materials that do not exist. Consequently, the [*5]People's alleged failure to disclose these items does not render their COC invalid. Therefore, based on the defendant's instant motion and the People's response, the court finds that the People have met their burden of demonstrating that they exercised due diligence and made reasonable inquiries to ascertain the existence of material and information subject to discovery. Accordingly, the defendant's motion to strike the People's COC and CTR as illusory is denied.

SPEEDY TRIAL CALCULATION
October 31, 2024 to January 28, 2025. The People affirm in their motion response and defense counsel expressly confirmed via email that the defendant waived his statutory speedy trial right. Such period is excludable. See CPL 30.30(4)(a) and (b); People v Waldron, 6 NY3d 463 (2006). The People are charged 0 days for this adjournment.
January 28, 2025 to April 3, 2025. On April 3, 2025, there was no grand jury action, and the case was adjourned to May 12, 2025. The People are charged 65 days for this adjournment.
April 3, 2025 to May 12, 2025. On May 12, 2025, there was no grand jury action, and the case was adjourned to July 15, 2025. The People are charged 39 days for this adjournment.
May 12, 2025 to July 1, 2025. As stated above, the case was advanced to July 1, 2025 upon the request of the People and consent of defense counsel. On July 1, 2025, there was no grand jury action. However, The People moved to dismiss count 1, Rape in the Third Degree (Penal Law § 130.25[2]), and retained the remaining misdemeanor counts. The People did not file a COC or CTR and the case was adjourned July 15, 2025 for trial. The People are charged 50 days for this adjournment.
July 1, 2025 to July 15, 2025. On July 8, 2025, the People served and filed a valid COC and CTR off-calendar and maintained their readiness on July 15, 2025. On the same date, the defendant requested a motion schedule to challenge the validity of the People's COC and CTR. 
The People maintain that the period beginning July 3, 2025 is excludable due to, what they deem, a motion filed by the People. On July 3, 2025, the People served and filed a "notice of expert testimony on delayed disclosure and other common behaviors found in child sexual abuse victims." However, contrary to the People's argument, the purported notice does not fall within the exceptions enumerated under CPL 30.30(4)(a). The excludable period for pre-trial motions under CPL 30.30(4)(a) "generally refers to delays attributable to responding to and deciding motions actually made." People v Collins, 82 NY2d 177, 181 (1993). In contrast, a defendant who requests a motion schedule, but does not file a motion, nevertheless triggers the motion practice exclusion even when no motion is filed. People v Brown, 99 NY2d 488 (2003). Here, the People's notice did not contain any return date, nor did the People's notice require any response from the defense, unlike, for example, a motion for protective order, buccal swab or consolidation, and "falls outside of a fair reading of the statutory language." Collins, 82 NY2d at 181. Accordingly, the People are 7 days for this adjournment.
July 15, 2025 to October 15, 2025. This period is excludable pursuant to CPL 30.30(4)(a). The People are charged 0 days for this adjournment.

CONCLUSION
The accusatory instrument containing the felony count of Rape in the Third Degree (Penal Law § 130.25[2]), the lone felony count, was properly reduced, and the remaining misdemeanor charges were properly converted to an information. Additionally, the People [*6]timely filed a valid COC and CTR within the requisite speedy trial time. Accordingly, this Court calculates that the People have accrued a total of one-hundred-and-sixty-one (161) days of speedy trial time since commencement of this action. Therefore, the defendant's motion is denied
The foregoing constitutes the order and decision of the court.
Dated: October 20, 2025
Staten Island, New York
E N T E R:
RAJA RAJESWARI, A.J.S.C.

Footnotes

Footnote 1:The defendant's affirmation in support of the motion is dated May 30, 2025; however, the memorandum of law attached thereto is dated August 20, 2025, and the motion was served and filed on August 20, 2025.