■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACQUELINE DAVIS, Appellant. [915 NYS2d 250]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J., at motions; Arlene D. Goldberg, J., at jury trial and sentence), rendered April 29, 2010, convicting defendant of forgery in the second degree (nine counts), grand larceny in the fourth degree and falsifying business records in the first degree, and sentencing her to an aggregate term of 30 days, with five years' probation and restitution in the amount of $1,025, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence refuted defendant's assertion that she had permission to sign another person's name to the withdrawal slips at issue. The evidence also supported inferences that defendant used these forged slips to obtain money for herself, and that she caused the making of false entries in business records.

The court properly denied defendant's speedy trial motion. The period from July 2 to July 16, 2009 was excludable as a delay resulting from pretrial motions, including "the period during which such matters are under consideration by the court" (CPL 30.30 [4] [a]). The People's delay in producing grand jury minutes was reasonable (*see People v Harris*, 82 NY2d 409, 413 [1993]); in any event, during the same period the court was also considering a consolidation motion that did not involve grand jury minutes. The period from July 30 to September 17, 2009, was excludable as a reasonable time to

prepare after the court's decision on motions (*see People v Green*, 90 AD2d 705 [1982], *lv denied* 58 NY2d 784 [1982]), thus constituting "a reasonable period of delay resulting from . . . pre-trial motions" within the meaning of CPL 30.30 (4) (a). In any event, the last three weeks of this period were excludable for the separate reason that they were granted at defense counsel's request (CPL 30.30 [4] [b]), where defense counsel actively participated in setting the date and sought a longer adjournment for his own convenience (*see e.g. People v Matthews*, 227 AD2d 313 [1996], *lv denied* 88 NY2d 989 [1996]).

We have considered and rejected defendant's remaining claims. Concur—Gonzalez, P.J., Mazzarelli, Moskowitz, Acosta and Román, JJ.