People v Patel (2018 NY Slip Op 02579)





People v Patel


2018 NY Slip Op 02579


Decided on April 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2018

Sweeny, J.P., Renwick, Mazzarelli, Kahn, Gesmer, JJ.


6301 2125/12 1483/13

[*1]The People of the State of New York Respondent,
v
Amit Patel, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan D. Byrne of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Christine DiDomenico of counsel), for respondent.



Judgment, Supreme Court, New York County (Maxwell Wiley, J., at speedy trial motion; Michael R. Sonberg, J. at nonjury trial and sentencing), rendered January 28, 2016, convicting defendant of driving while ability impaired, and sentencing him to a term of 180 days, unanimously affirmed.
Defendant's speedy trial arguments are unpreserved because they were not raised in his motion (see People v Allard, 28 NY3d 41, 46-47 [2016]; People v Beasley, 16 NY3d 289, 292 [2011]), and we decline to review them in the interest of justice. As an alternative holding, we find no violation of defendant's right to a speedy trial. The period from March 20, 2013 to May 1, 2013 was excludable as a reasonable time to prepare after the court's decision on defendant's pretrial motion, where the court had dismissed, with leave to re-present, the second count of the indictment and adjourned for a control date (CPL 30.30[4][a]; People v Davis, 80 AD3d 494 [1st Dept 2011]). The period from August 7, 2013 to October 23, 2013 was excludable because of defense counsel's clear consent to the adjourned date, which was set primarily for his convenience (CPL 30.30[4][b]; People v Barden, 27 NY3d 550, 555 [2016]). The period from November 5, 2014 to January 7, 2015 was excludable because the record attributes the adjournment to the court, and defendant did not meet his "ultimate burden" (People v Brown, 28 NY3d 392, 406 [2016]) of showing that this postreadiness adjournment "occurred under circumstances that should be charged to the People" (id. at 404).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 349 [2007]). There is no basis for disturbing the court's credibility determinations. The evidence clearly established, at least, that defendant was driving while impaired.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 17, 2018
CLERK