People v Neal (2020 NY Slip Op 51434(U))

[*1]

People v Neal (Robert)

2020 NY Slip Op 51434(U) [69 Misc 3d 148(A)]

Decided on November 27, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 27, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McShan JJ.

17-077

The People of the State of New York,
Respondent, 
against
Robert Neal, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Ann E. Scherzer, J.), rendered August 16, 2016, convicting him, upon a plea of
guilty, of aggravated unlicensed operation of a motor vehicle in the third degree, and imposing
sentence.

Per Curiam.
Judgment of conviction (Ann E. Scherzer, J.), rendered August 16, 2016, reversed on the
law, the conviction vacated, the count of the information charging aggravated unlicensed
operation of a motor vehicle in the second degree dismissed, and the matter remanded to
Criminal Court for further proceedings on the remaining count of the instrument.
Since defendant did not waive prosecution by information, the facial sufficiency of the
accusatory instrument must be evaluated under the standards governing an information (see People v Hatton, 26 NY3d
364, 368 [2015]). So viewed, the information charging aggravated unlicensed operation of a
motor vehicle in the second degree (see Vehicle and Traffic Law § 511[2][a][iv])
was jurisdictionally defective, since the factual allegations failed to "establish ... every element of
the offense" (CPL 100.40[1][c]). Absent any allegations that the Department of Motor Vehicles
mailed either a suspension or revocation order to defendant's last known address, or proof of such
mailing, the information failed to establish the element of the offense that defendant was driving
"while knowing or having reason to know" that his license was suspended or revoked (Vehicle
and Traffic Law § 511[1][a]; see
People v Park, 66 Misc 3d 152[A], 2020 NY Slip Op 50344[U][App Term, 1st Dept
2020]; People v Barabondeka, 61
Misc 3d 126[A], 2018 NY Slip Op 51307[U][App Term, 1st Dept 2018], lv denied
32 NY3d 1109 [2018]; People v
Thompson, 52 Misc 3d 145[A], 2016 NY Slip Op 51287[U][App Term, 1st Dept 2016],
lv denied 28 NY3d 1076 [2016]). 
We decline to dismiss the accusatory instrument, since it cannot be said that no penological
purpose would be served by remanding for further proceedings on the remaining count (see People v Conceicao, 26 NY3d
375, 385 n [2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 27, 2020