People v Solano (2022 NY Slip Op 03691)

People v Solano

2022 NY Slip Op 03691

Decided on June 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 07, 2022

Before: Renwick, J.P., Oing, Moulton, Kennedy, Mendez, JJ. 

Ind. No. 1414/18 Appeal No. 16087 Case No. 2020-04241 

[*1]The People of the State of New York, Respondent,
v
Carlton Solano, Defendant-Appellant. 

Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.

Judgment, Supreme Court, New York County (Steven M. Statsinger, J. at speedy trial motion; Diane Kiesel, J. at plea and sentencing), rendered October 15, 2020, convicting defendant of attempted murder in the second degree, and sentencing him, as a second violent felony offender, to a term of 15 years, unanimously affirmed.
The court properly denied defendant's speedy trial motion. Defendant challenges two periods of delay, each of which we find excludable as resulting from motion practice under CPL 30.30 (4) (a).
The period beginning April 10, 2019 was excludable as a reasonable time for the People to prepare for hearings and trial after the court issued a decision on defendant's omnibus motion (see e.g. People v Davis, 80 AD3d 494 [1st Dept 2011]). This type of delay may constitute "a reasonable period of delay resulting from . . . pre-trial motions" within the meaning of CPL 30.30 (4) (a) because the outcome of a motion may result in new circumstances, such as the need to prepare for a hearing, that would not have occurred in the absence of the motion (see People v Green, 90 AD2d 705, 705-706 [1st Dept 1982], lv denied 58 NY2d 784 [1982]). Furthermore, defendant has not shown that the adjournment was unreasonable to the extent that an additional period, sufficient to affect the outcome of the speedy trial motion, should have been charged to the People. It was the first time the case was adjourned for hearings and trial after defendant's return on a warrant.
The period beginning June 10, 2019 was likewise excludable as the result of motion practice under CPL 30.30(4)(a). During that period, the court set a schedule for the People to move for an order to take a buccal swab from defendant, the People so moved, the defense responded, and the court denied the motion. Defendant has not demonstrated that the motion was made in bad faith (see e.g. People v Richardson, 192 AD3d 432, 433 [1st Dept 2021], lv denied 37 NY3d 959 [2021]). Because the People did not claim excludability on the ground of exceptional circumstances under CPL 30.30(4)(g), the requirements of that provision do not apply.
The sentencing court providently exercised its discretion in denying defendant's motion to withdraw his plea, without granting a hearing. "[T]he nature and extent of the fact-finding procedures on such motions rest largely in the discretion of the court" (People v Fiumefreddo, 82 NY2d 536, 544 [1993]). Defendant received a full opportunity to present his challenges to his plea, after which the court asked him if he had anything to add. Nothing in the plea colloquy or elsewhere in the record casts doubt on the voluntariness of the plea. Defendant made conclusory claims that did not set forth any grounds for withdrawal. In particular, to the extent that defendant's basis for withdrawal was that the People had failed to disclose a single page of a detective's grand jury testimony, defendant was aware of the missing page before he pleaded guilty and nevertheless [*2]told the court that he had received all of the discovery to which he was entitled, which demonstrates that the undisclosed page did not affect his decision to plead guilty (see People v Hewitt, 201 AD3d 1041, 1043 [3d Dept 2022], lv denied 38 NY3d 928 [2022]).
We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 7, 2022