People v Earl (2024 NY Slip Op 24237)

[*1]

People v Earl (Edward)

2024 NY Slip Op 24237

Decided on August 20, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on August 20, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., WAVNY TOUSSAINT, PHILLIP HOM, JJ

2023-254 Q CR

The People of the State of New York, Appellant,
against
Edward Earl, Respondent. 

Queens County District Attorney (Johnnette Traill, William H. Branigan and Ronald Eniclerico), for appellant.
Appellate Advocates (Cynthia Colt of counsel), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County (Jeffrey Gershuny, J.), dated October 21, 2022. The order, insofar as appealed from, upon reargument, adhered to the determination in an order of that court dated June 17, 2022 granting defendant's motion to invalidate the certificate of compliance and dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the order, insofar as appealed from, is reversed, on the law, upon reargument, defendant's motion to invalidate the certificate of compliance and dismiss the accusatory instrument on statutory speedy trial grounds is denied, the accusatory instrument is reinstated, and the matter is remitted to the Criminal Court for all further proceedings.
On November 4, 2021, the People filed a misdemeanor complaint charging defendant with criminal contempt in the second degree (Penal Law § 215.50 [3]) and harassment in the second degree (Penal Law § 240.26 [1]) for violating an order of protection by going to his sister's house multiple times and yelling at her. On December 2, 2021, 28 days after the commencement of this action, the People filed their certificate of compliance (COC) and statement of readiness (SOR). As relevant to this appeal, the People provided defendant with a [*2]letter which detailed two substantiated findings by the internal affairs bureau pertaining to the arresting officer from January 2019. The People affirmed that the letter "contained the full extent of the disciplinary records available to the People at the time of disclosure" and that the People had "request[ed] . . . additional documents from the New York City Police Department." The People never provided the underlying internal affairs bureau documents. 
By motion dated May 3, 2022, defendant sought to invalidate the People's COC and dismiss the accusatory instrument on statutory speedy trial grounds, arguing, among other things, that the People were obligated to turn over the arresting officer's disciplinary records and that their failure to do so violated their discovery obligations, rendering the SOR illusory and requiring the dismissal of the case. In opposition, the People acknowledged that trial courts were split on the issue, but argued that where, as here, the underlying disciplinary records were not part of the subject matter of the case, the People were not obligated under CPL 245.20 to turn them over. By order dated June 17, 2022, the Criminal Court granted defendant's motion and dismissed the accusatory instrument, finding that the language of CPL 245.20 (1) (k) requiring that "[a]ll evidence and information" be turned over was not limited to the "subject matter" of the case; that the records were presumed to be in the People's possession; that the People were obligated to deliver the underlying records; and that their refusal to do so rendered the COC invalid and the SOR illusory. The People moved to reargue and, on October 21, 2022, the court granted reargument and adhered to the original decision. 
The filing of a valid COC is a prerequisite to the People validly stating ready and stopping the speedy trial clock under CPL 30.30 (see CPL 30.30 [5]; 245.50 [3]; People v Guzman, 75 Misc 3d 132[A], 2022 NY Slip Op 50445[U], *5 [App Term, 2d Dept, 9th & 10th Jud Dists 2022]). The People are required to provide defendant with "all items and information that relate to the subject matter of the case" (CPL 245.20 [1]) that are in the People's actual or constructive possession, including "[a]ll evidence and information, . . . that tends to . . . impeach the credibility of a testifying prosecution witness" (CPL 245.20 [1] [k] [iv]). In People v Johnson (218 AD3d 1347, 1350 [2023]), the Appellate Division, Fourth Department, held that a defendant "was not automatically entitled to the entirety of a police officer's personnel file as impeaching material under CPL 245.20 (1) (k) (iv), but rather only to the extent that the information 'relate[d] to the subject matter of the case' (CPL 245.20 [1])" (see generally People v Fuentes, 81 Misc 3d 136[A], 2023 NY Slip Op 51399[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2023]; People v Weisman, 81 Misc 3d 129[A], 2023 NY Slip Op 51248[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2023]; cf. People v Hamizane, 80 Misc 3d 7, 10-11 [App Term, 2d Dept, 9th & 10th Jud Dists 2023]). In People v McCarty (221 AD3d 1360, 1362 [2023]), the Appellate Division, Third Department, reached the same conclusion. As the Appellate Division, Second Department, has not passed on the issue, we are bound by the Appellate Division decisions of the Third and Fourth Departments, which are directly on point (see People v Turner, 5 NY3d 476, 482 [2005], citing Mountain View Coach Lines v Storms, 102 AD2d 663, 664-665 [1984]), unlike the First Department case of Matter of Jayson C. (200 AD3d 447 [2021]).
In light of McCarty and Johnson, the People were not obligated to provide the underlying [*3]disciplinary records, as the only two substantiated claims for the arresting officer were from January 2019, long before the events underlying this case, and, thus, those records did not relate to the subject matter of the case (see McCarty, 221 AD3d at 1362; Johnson, 218 AD3d at 1350; Fuentes, 2023 NY Slip Op 51399[U], *1; Weisman, 2023 NY Slip Op 51248[U], *1). Consequently, the People's failure to provide the records cannot be a basis to invalidate the COC and, in turn, the People's SOR. As the SOR was filed 28 days after the commencement of the action, well within 90 days of the commencement of this action (see CPL 30.30 [1] [b]; Penal Law § 215.50 [3]), the Criminal Court erred in dismissing the accusatory instrument on statutory speedy trial grounds.
Accordingly, the order, insofar as appealed from, is reversed, and, upon reargument, defendant's motion to invalidate the certificate of compliance and dismiss the accusatory instrument on statutory speedy trial grounds is denied.
BUGGS, J.P., TOUSSAINT and HOM, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 20, 2024