People v Chicas (2025 NY Slip Op 50057(U))

[*1]

People v Chicas

2025 NY Slip Op 50057(U)

Decided on January 16, 2025

Criminal Court Of The City Of New York, Queens County

Gonzalez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through January 24, 2025; it will not be published in the printed Offical Reports.

Decided on January 16, 2025
Criminal Court of the City of New York, Queens County

The People of the State of New York,

against
Jose Benetiz Chicas, Defendant.

Docket No. CR-018307-23QN

Defense Attorney: Benjamin Mejia, Esq. Legal Aid Society 
People: Office of Queens District Attorney
District Attorney Melinda Katz

Maria T. Gonzalez, J.

SUMMARY OF THE DECISION
By motion filed October 16, 2024, defendant moves this Court for an Order deeming the People's Certificate of Compliance (COC) and Statement of Readiness (SOR) invalid and dismissing the accusatory instrument under C.P.L. § 30.30, and as facially insufficient. The People, in an affirmation filed November 7, 2024, oppose the motion, asserting that their COC and SOR are valid because they were filed in good faith and after due diligence, and that the charging instrument is facially sufficient. The People argue that they remain within C.P.L. § 30.30-time limitations. The defendant is charged with V.T.L. § 1192-3, Operating a Motor Vehicle while Under the Influence of Alcohol; V.T.L. § 511 (2)(A)(3), Aggravated Unlicensed Operation of a Motor Vehicle in the Second Degree; and V.T.L. § 1192-l [i], Operating a motor vehicle while Under the Influence of Alcohol or Drugs. After review of the party submissions, the casefile, and the relevant caselaw, the charge of V.T.L. § 511 (2) (A)(3), Aggravated Unlicensed Operation of a Motor Vehicle in the Second Degree is DISMISSED, the remaining counts stand as facially sufficient, and defendant's motion to invalidate the People's COC and SOR, and to dismiss pursuant to C.P.L. § 30.30 is DENIED.
I. PROCEDURAL HISTORY
The defendant, after being arrested on December 20, 2022, for allegedly driving while under the influence of alcohol (DUI), was again arrested on June 25, 2023, for DUI and the unlicensed operation of a vehicle. The June case, the case at bar, was adjourned to July 21, 2023, after defendant's arraignment, while defendant's December 2022, case remained pending. At defendant's arraignment for the June case, the Court again announced the suspension of defendant's license after it was suspended for the DUI charged against defendant back in December. 
After defendant's June case was adjourned to July 21, 2023, on July 6, 2023, defendant filed a motion to dismiss his December case for alleged discovery violations and pursuant to C.P.L. § 30.30. This motion practice would encompass two decisions, a motion to reargue, various replies, and resulted in multiple adjournments of the instant case as it tracked the December case. Ultimately, the December case was dismissed on February 16, 2024, after reargument of defendant's initial motion. 
Prior to the dismissal of defendant's December case, on July 21, 2023, the parties appeared for the instant case, and the matter was adjourned to October 5, 2023, as defendant had filed his motion on the December case on July 6, 2023, and the People had yet to file a COC for the new case. On August 2, 2023, the People served and filed discovery on the new case, and a COC and SOR off calendar. On October 5, 2023, the parties appeared in court, the Court noted defendant's filing of the motion to dismiss the December case and indicated that the decision in that case had not been rendered. The People announced ready on the instant case, and the matter was adjourned to December 14, 2023.
On December 14, 2023, defendant's motion to dismiss his December case under Dkt. No. CR 031419-22QN was still pending, and the matter was again adjourned to January 16, 2024. On January 16, 2024, the parties appeared, the court noted that the instant case continued to track defendant's old case and that the court had not rendered a decision on defendant's motion to dismiss. The case was adjourned to February 20, 2024, to Part JP-1, for hearing and trial. On January 18, 2024, the court invalidated the People's COC on the December case (Dkt. No. 031419-22QN) but denied defendant's motion to dismiss the case under C.P.L. § 30.30. On January 21, 2024, defendant filed a motion to reargue the denial of his C.P.L. § 30.30 motion, which was granted, and on February 16, 2024, the December case was dismissed. On February 20, 2024, the instant case, after tracking the first case throughout motion practice, was adjourned to April 9, 2024, for hearings, and the People announced ready for the hearings.
On April 9, 2024, the People conceded the refusal prong of the hearing, agreeing not to use a video of the defendant's refusal to submit to an Intoxicated Driver Testing Unit (IDTU) test at trial, and the matter was adjourned to May 15, 2024, for the hearings; both parties announced ready. On May 15, 2024, the parties appeared for the hearing, both parties announced ready, and the matter was adjourned to June 4, 2024, as no court parts were available for the hearing.
On June 4, 2024, the parties appeared for the hearing in Part JP-1, and the matter was sent immediately to Part T-3 for the hearing. In the afternoon, the People were ready, but the defense was not, and the matter was adjourned to July 23, 2024. On July 23, 2024, the parties appeared for the hearing in JP-1, and the hearing was again sent to T-2 for hearings. In T-2, the hearings commenced, and the matter was adjourned to August 19, 2024, for the hearing's continuance. On August 19, 2024, the hearing was continued and concluded. The matter was then adjourned to September 24, 2024, for decision. On September 24, 2024, Judge Licitra rendered a decision denying defendant's motion to suppress evidence, and adjourned the case to [*2]October 21, 2024, for trial. Before the trial date, on October 16, 2024, defendant filed the instant motion to dismiss, alleging discovery violations and the insufficiency of the June DUI charges, and the People responded on November 12, 2024. On December 2nd, 2024, this Court was assigned defendant's motion for decision.
II. MOTION TO INVALIDATE COC AND SOR AND TO DISMISS PURSUANT TO C.P.L. § 30.30.
This case commenced with the filing of an accusatory instrument in Criminal Court on June 25, 2023. The defendant moves to dismiss on the ground that he has been denied his right to a speedy trial (CPL 30.30 [1] [b]). The top count on the accusatory instrument is an unclassified misdemeanor, therefore the People have 90 days from the commencement of the criminal action to be ready for trial (id.; People v Cooper, 98 NY2d 541, 543 [2002]). If more than 90 days of chargeable time has elapsed since the commencement of the action without a proper statement of readiness by the People, the case must be dismissed. 
"[O]nce a defendant has shown the existence of an unexcused delay greater than [90 days], the burden of showing that time should be excluded falls upon the People" (People v Barden, 27 NY3d 550 [2016], quoting People v Santos, 68 NY2d 859, 861 [1986]; see People v Santana, 80 NY2d 92, 105 [1992]).
The Court denies defendant's motion to dismiss pursuant to C.P.L. § 30.30 as the People have not surpassed C.P.L. § 30.30-time limitations. The People concede that the time from defendant's arraignment until its filing of its COC and SOR are includable. The period is 38 days and charged to the People. On July 6, 2023, before the August 2, 2023, COC filing in the instant case, the defendant filed the motion to dismiss for alleged discovery violations on his earlier unrelated (although similar in allegation) December case. As held by the Court of Appeals in People v. Brown, 99 NY2d 488, 492 (2003) a period during a defendant's initial motion practice on the unrelated case is excludable as "reasonable period[s] of delay resulting from other proceedings concerning the defendant, including ... pre-trial motions" (CPL 30.30[4][a]). Indeed, the delay occasioned by the "preparation, argument, and consideration" of the defendant's pre-trial motion is excludable [CPL § 30.30(4)(a)], see also People v. Dean, 45 NY2d 651, (1978). 
This Court finds that the delay due to defendant's motion in his earlier unrelated (although similar) case against defendant, after the People have announced ready for trial on the instant case, is excludable (People v. Brown, 99 NY2d 488 [2003]). As such a total of 38 days are charged to the People, the period from June 25, 2023, to August 2, 2023. Subsequent to August 2, 2023, through October 5, 2023, and from that date to February 16, 2024 is a delay resulting from defendant's omnibus motion on the December case and from the People's need for "a reasonable time to prepare after the court's decision on motions" (People v. Davis, 80 AD3d 494, 494—95 ([1st Dept. 2011] ). 
Additionally, the Court finds that defendant's undue delay in bringing this motion is not chargeable to the People for C.P.L. § 30.30 purposes. See People v. Valdez, 80 Misc 3d 544, 554 (Crim Ct. Kings Co. 2023) (nine weeks to alert People of "obvious" alleged deficiencies, such as redactions to CCRB records, held not to be "as soon as practicable" and thus deducted from speedy-trial calculation). The defendant engaged in extensive motion practice on his December DUI case, plea negotiations, and a suppression hearing, and delayed in moving for the invalidation of the COC in the instant case until over 400 days post arraignment. Indeed, the defense filed its motion on October 16, 2024, 479 days after arraignment. Defendant simply did [*3]not apprise the court of the alleged COC infirmities "as soon as practicable" as required by CPL 245.50 (4) (b). 
Moreover, upon a holistic review of the factors enunciated by the Court of Appeals in People v. Bay, No. 92,2023 WL8629188 *1, *2-*8 (NY Dec. 14. 2023), that Court's decision in People v. Brown, 99 NY2d 488 [2003], the circumstances of this matter, and the actions taken by the People here, as described in the party submissions, the Court is satisfied that the People have conducted due diligence sufficient to satisfy C.P.L. Article 245, and reasonable under the circumstances of this case. The People's COC, and SOR are deemed valid. See People v. Bay, No. 92,2023 WL 8629188 *1, *2-*8 (NY Dec. 14, 2023).
In this case, the prosecution diligently sought to ascertain and disclose known discoverable items that were in their possession prior to the filing of their initial COC. Because the certificate of compliance was proper, the statement of readiness was valid. The initial COC tolled the speedy trial clock on August 2, 2023. The Court also finds that the People's COC and SOR were filed after due diligence and in good faith. 
The Court's determination is necessarily fact specific. The actions of the People in this case, and the assertions of defendant, considering the circumstances in this case, do not warrant the invalidation of the People's COC, and SOR. Courts have upheld a certificate based on good faith reliance on precedent even if the court deciding the motion disagrees with the People's position and ordered the prosecutor to produce the missing materials. See, e.g., People v. Lustig, 68 Misc 3d 234, 247-48 (Sup. Ct. Queens Co. 2020) ("a court should not invalidate a certificate of compliance simply because it ultimately rejects a good faith argument made by the prosecution about the discoverability of particular kinds of materials or information"); People v. Sime, 76 Misc 3d 1107, 1114 (Crim. Ct. Kings Co. 2022) ("to the extent that the law remains unsettled regarding the scope of the People's discovery obligations, and as the People turned over discovery that they believed to be sufficient to comply with their statutory obligations, this Court finds the People's COC valid").
Thus, notwithstanding the validity or invalidity of the initial COC, the Court orders that the Audit Trail Logs; and Law Enforcement Officer Witness (LEOW) letters for the testifying officers be turned over to the Defense to the extent that these items have not yet been disclosed within 15 days of the date of this Order, as the People are still within its speedy trial time allotment subject to the limitations explained by the Appellate Term. See People v. Jawad, 2024 NY Slip Op. 24236, *2 (App. Term 2d Dept., 2d, 11th, and 13th Jud. Dists. 2024) (the People were not required to turn over underlying documents of disciplinary proceedings for testifying officers that were not related to the subject matter of the case); People v. Earl, 2024 NY Slip Op. 24237, *2 (App. Term 2d Dept., 2d, 11th, and 13th Jud. Dists. 2024) (the People were not required to turn over arresting officer's underlying disciplinary records for substantiated claims from "long before the events underlying this case," as they did not relate to the subject matter of the case).
III. MOTION TO DISMISS FOR FACIAL INSUFFICIENCY
Defendant's motion to dismiss the entire accusatory instrument for failure to convert the one count of unlicensed operator is denied. The Court dismisses the count of VTL § 511 but declines to dismiss the accusatory instrument in its entirety, as "it cannot be said that no penological purpose would be served" by allowing the people to proceed on the 1192 counts, and there is no evidence of bad faith on the part of the People. See People v. Neal, 69 Misc 3d 148(A) (1st Dept. App. Term 2020); see also People v. Williams, 224 AD3d 998, 999 [3d Dept [*4]2024], lv. denied 41 NY3d 1021 [2024]).
Regarding the remaining VTL counts, reasonable cause shall be determined by viewing the totality of circumstances surrounding the incident which, when taken together, indicate that the operator was driving in violation of VTL § 1192. Such circumstances may include, but are not limited to: evidence that the operator was operating a motor vehicle in violation of any provision of the VTL or any other moving violating at the time of the incident; any visible indication of alcohol or drug consumption or impairment by the operator; the existence of an open container containing an alcoholic beverage in or around the vehicle driven by the operator; and any other evidence surrounding the circumstances of the incident which indicates that the operator has been operating a motor vehicle while impaired by the consumption of alcohol or drugs or intoxicated at the time of the incident. See McKinney's Veh. and Traf. § 1194.
Here, the complaint, in pertinent part, reads as follows:
POLICE OFFICER RICH WONG OF 103RD PRECINCT, TAX REG#: 964844, BEING DULY SWORN, DEPOSES AND SAYS THAT ON OR ABOUT JUNE 25, 2023, BETWEEN3:00AM AND 4:09AM, IN FRONT OF 90-18 179 PLACE, COUNTY OF QUEENS, STATE OF NEW YORK . THAT HE IS INFORMED BY EYEWITNESS, FDNY EMS, MATTHEW WEINERT, THAT ON THE ABOVE-MENTIONED DATE, TIME, AND PLACE OF OCCURRENCE, HE OBSERVED THE DEFENDANT, JOSE BENITEZ CHICAS, ASLEEP INA 2002 HONDA (NY KVV 3754), WITH THE ENGINE RUNNING, AND THE KEYS IN THEIGNITION.DEPONENT FURTHER STATES THAT THE ABOVE-MENTIONED EYE WITNESS OBSERVEDTHE DEFENDANT TO HAVE A BOTTLE OF ALCOHOL, IN HIS RIGHT HAND. DEPONENT STATES THE HE OBSERVED THE DEFENDANT TO HAVE A MODERATE ODOR OF AN ALCOHOLIC BEVERAGE EMANATING FROM HIS BREATH, A FLUSHED FACE, SLURRED SPEECH, WATERY EYES, AND WAS UNSTEADY ON HIS FEET. DEPONENT FURTHER STATES THAT HE REMOVED THE DEFENDANT TO A LOCAL HOSPITAL, AND WAS PRESENT WHEN THE DEFENDANT REFUSED TO SUBMIT TO ANINTOXILYZER EXAM. DEPONENT FURTHER STATES THAT HE HAS OBTAINED AND READ A PRINTOUT OF THE DEFENDANT'S ARREST RECORD AS MAINTAINED BY THE NEW YORK STATE DIVISION OF CRIMINAL JUSTICE SERVICES IN ALBANY AND WHICH IS BASED UPON FINGERPRINTS. DEPONENT FURTHER STATES THAT SAID RECORDS ARE MADE IN THE REGULAR COURSE OF BUSINESS AND THAT IT WAS THE REGULAR COURSE OF SUCH BUSINESS TO MAKE IT, AT THE TIME OF THE ACT, TRANSACTION, OCCURRENCEOR EVENT, OR WITHIN A REASONABLE TIME THEREAFTER AND THAT SAID RECORDS INDICATE THAT THE DEFENDANT WAS PREVIOUSLY ARRESTED FOR DRIVING WHILE INTOXICATED (VEHICLE AND TRAFFIC LAW 1192.3) UNDER DOCKET NUMBER CR-031419-22QN, IN QUEENS COUNTY, ON DECEMBER 20, 2022, AND THAT THE DEFENDANT'S LICENSE IS SUSPENDED PENDING PROSECUTION OF THE ABOVE-MENTIONED CASE.
Taken in its totality, one can reasonably infer from the complaint that the defendant was driving in violation of VTL § § 1192-3 and 1192-1. Therefore, the People have sufficiently pleaded all elements of VTL § § 1192-3, and 1192-1, and the defendant's motion to dismiss the [*5]entire accusatory instrument is DENIED. See People v. Williams, 224 AD3d 998, 999 [3d Dept 2024], lv denied 41 NY3d 1021 [2024]).
IV. C.P.L 30.30 Speedy Trial Calculation
The following is a period-by-period analysis of speedy trial time which applies this law:
June 25, 2023 — July 21, 2023 (26 days included)
The action commenced on June 25, 2023 with the filing of the accusatory instrument (CPL 1.20 [17]; 100.05; The People were not ready for trial at the defendant's arraignment, and the case was adjourned for discovery compliance to July 21, 2023. 
(26 days included).
July 21, 2023 — August 2, 2023 (12 days included)
On July 21, 2023, the People answered not ready on the calendar call, and the case was adjourned to October 5, 2023. Before the October 5 date, on August 2, 2023, the People served on defense counsel and filed with the court a COC along with a SOR. 
 (12 days included).
August 2, 2023 — October 5, 2023 (0 days included).
On August 2, 2023, the People served on defense counsel and filed with the court a COC along with a SOR. The People concede that they are charged with a total of 38 days, the period between arraignment and the valid COC and SOR.  
(0 days included)
October 5, 2023 — December 14, 2023 (0 days included)
After the People filed their COC and SOR on August 2, 2023, at the calendar call of October 5, 2023, the People again announced that it was ready for trial. The court noted that the instant case was tracking the older December case and defendant's motion practice which awaited decision. The case was adjourned to February 20, 2024. (0 days charged).
December 14, 2023 — January 16, 2024 (0 days included)
On December 14, 2023, the People announced ready, and the court again adjourned the matter to track defendant's December 2022 case which awaiting decision on defendant's motion to dismiss. (0 days included).
January 16, 2024 — February 20, 2024 (0 days included)
On January 16, 2024, the court noted that there was still no decision on defendant's motion and the instant case continued to track the defendant's December case. (0 days included).
February 20, 2024 — April 9, 2024 (0 days included)
On February 20, 2024, the People again announced ready for trial, and the court adjourned the instant case to track defendant's other case, Dkt. No. CR 031419-22QN, which awaited decision on defendant's motion. 
(0 days included)
April 9, 2024— May 15, 2024 (0 days included)
On April 9, the People answered ready for hearings and the Defense answered not ready. The hearings were adjourned to May 15. (0 days included)
May 15, 2024 — June 4, 2024 (0 days included)
On May 15, both parties answered ready for hearings, but there was no part available, and the case was adjourned to June 4. (0 days included)
June 4, 2024 — July 23, 2024 (0 days included)
On June 4, the People answered ready for hearings and the Defense answered not ready that afternoon and the case was adjourned to July 23. (0 days included).
July 23, 2024 — August 19, 2024 (0 days included)
On July 23, both parties answered ready, and hearings began. The hearings were continued to August 19 and were concluded that date. The case was adjourned to September 24 [*6]for decision. 
(0 days included).
August 19, 2024 — September 24, 2024 (0 days included)
On September 24 
the court rendered its decision denying defendant's motion to suppress evidence, and the case was adjourned to October 21 for trial. 
(0 days included)
September 24, 2024— October 21, 2024 (0 days included)
On September 24, 
the case was adjourned for trial to October 21, and on October 16, 2024, the Defense filed the present motion. (0 days included)
The Prosecution filed their initial COC and SOR off-calendar on August 2, 2023, which was Day 38 after the filing of the accusatory instrument. The People are charged with 38 Days of speedy trial time. As discussed supra, in People v. Brown, 99 NY2d 488, (2003) the Court held that time was excludable as "reasonable period[s] of delay resulting from other proceedings concerning the defendant, including ... pre-trial motions" (CPL 30.30[4][a]). Additional delay resulted from the People's need for "a reasonable time to prepare after the court's decision on motions" (People v. Davis, 80 AD3d 494, 494—95 [1st Dept.2011] ). 
The People are within CPL § 30.30-time limitations, and defendant's motion to dismiss pursuant to C.P.L. § 30.30(1)(b) is DENIED.
V. Conclusion
The number of chargeable days does not exceed 90 days; defendant's motion to invalidate the People's COC, its SOR, and to dismiss the accusatory instrument for facial insufficiency and pursuant to C.P.L. § 30.30(1)(b) is DENIED. The one charge of V.T.L. § 511 (2) (A)(3), Aggravated Unlicensed Operation of a Motor Vehicle in the Second Degree is dismissed. The Court orders that the People disclose to the defendant the items requested by the Defense to the extent they have not been disclosed within 15 days of the date of this decision.
The foregoing constitutes the opinion, decision, and order of the Court.
Dated: January 16, 2025,
Kew Gardens, New York
ENTER
Hon. Maria T. Gonzalez
Judge of the Criminal Court